JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

06 CV 706

Suzanne Hamilton, Tammy O'Riley, and Morris
Carr Individually and on Behalf of All other persons
similarly situated,

                        Plaintiffs,

      -against-

Unlimited Care, Inc.

                        Defendant.
------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

## NATURE OF THE ACTION

1.     Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*.

2.     Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Suzanne Hamilton was, at all relevant times, an adult individual, residing in Poughkeepsie, New York.

7. Plaintiff, Tammy O'Riley was, at all relevant times, an adult individual, residing in Accord, New York.

8. Plaintiff, Morris Carr was, at all relevant times, an adult individual, residing in Poughkeepsie, New York.

9. Upon information and belief, Unlimited Care, Inc. is a New York corporation, with its principal place of business at 222 Bloomingdale Road, White Plains, New York, County of Westchester.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since January 30, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not

paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 200 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendant filed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

   e. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

   g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

   h. whether Defendant should be enjoined from such violations of the FLSA in the future.

15. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

16. Plaintiffs sues on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiffs brings their New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since January 30, 2000, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

18. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 200 members of Class during the Class Period.

19. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

22. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

23. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendant filed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of eight hours per day and/or forty hours per workweek and more than ten hours a day within the meaning of the New York Labor Law;

   e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

   f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

24. At all relevant times, Defendant provides home health services, in-facility care and staffing for hospitals and nursing homes in New York, New Jersey and Massachusetts.

25. Starting in or about April 2005 though the present, Plaintiff Suzanne Hamilton has been employed as a home health aide and nursing home aide by the Defendant.

26. Starting in or about 2001 through the present, Plaintiff Tammy O'Riley was employed as a home health aide and nursing home aide by the Defendant.

27. Starting in or about 2000 through the present, Morris Carr was employed as a home health aide and nursing home aide by the Defendant.

28. Plaintiffs' work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

29. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or the exercise of independent judgment.

30. Plaintiffs often worked in excess of 8 hours per day and/or 40 hours a week, yet the Defendant willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

31. Throughout the time of Plaintiffs' employment with Defendant and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

32. Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten

hours, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

33. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' employment, while Defendant employed Plaintiffs and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

34. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 33 as if they were set forth again herein.

35. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

38. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

39. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of eight hours per day and/or forty hours per workweek.

40. As a result of the Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and/or forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

43. Due to the Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from the Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## <u>NEW YORK LABOR LAW</u>

44. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 43 as if they were set forth again herein.

45. At all relevant times, Plaintiffs and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

46. Defendant willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of eight hours per day and/or forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

47. The Defendant's New York Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

48. Due to the Defendant's New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendant their unpaid overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      January 30, 2006

By: _____
    Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFFS**